IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

BARBARA FLEENOR and VERLINE       *
WILLIAMS, on behalf of
themselves and for all others     *
similarly situated,
                                  *
     Plaintiffs,
                                  *
vs.                                          CASE NO. 4:12-CV-338 (CDL)
                                  *
LEGAL HELPERS DEBT RESOLUTION,
LLC; THOMAS G. MACEY; JEFFREY     *
J. ALEMAN; JEFFREY HYSLIP;
JASON  E. SEARNS; and             *
CHRISTOPHER TANG,
                                  *
     Defendants.

_____

O R D E R

Plaintiffs Barbara Fleenor ("Fleenor") and Verline Williams

("Williams") filed this putative class action on behalf of

themselves and other similarly situated potential class members.

They allege that Defendants Legal Helpers Debt Resolution, LLC

("Legal Helpers"), Thomas G. Macey ("Macey"), Jeffrey J. Aleman

("Aleman"), Jeffrey Hyslip ("Hyslip"), Jason E. Searns

("Searns") and Christopher Tang ("Tang") violated Georgia's Debt

Adjustment Act, O.C.G.A. § 18-5-1 *et seq.* ("Debt Adjustment

Act").  Plaintiffs assert no claims arising under federal law.

They allege subject matter jurisdiction pursuant to the Class

Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119

Stat. 4 (codified in scattered sections of 28 U.S.C.) and 28 U.S.C. § 1332(d).

Defendants seek dismissal of this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), contending that the Court lacks subject matter jurisdiction over Plaintiffs' claims because Plaintiffs are parties to mandatory arbitration agreements and that the Complaint fails to state a claim upon which relief may be granted. Plaintiffs respond that the arbitration agreements are unenforceable and to the extent that they are enforceable, Defendants have waived their right to insist upon mandatory arbitration. Therefore, according to Plaintiffs, subject matter jurisdiction exists over these claims, which Plaintiffs argue are clearly stated claims upon which relief may be granted. The Court finds that Williams's claims are subject to an enforceable arbitration agreement and therefore the Court does not have subject matter jurisdiction over those claims. The Court further finds that even if Defendants have waived their right to demand arbitration of Fleenor's claims, Fleenor is not similarly situated with proposed class members because the Second Amended Complaint does not allege that Defendants waived their right to insist upon mandatory arbitration of claims asserted by other putative class members. Accordingly, CAFA cannot provide a basis for subject matter jurisdiction, and since Plaintiffs have not alleged

sufficient facts to establish federal subject matter jurisdiction over Fleenor's individual claim, that claim also must be dismissed.

SUBJECT MATTER JURISDICTION

Attacks on subject matter jurisdiction can be facial or factual. *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (discussing the two types of Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction). In a facial attack, the court focuses on the factual allegations contained in the complaint, which are taken as true. *Id.* If those allegations do not establish subject matter jurisdiction, the complaint must be dismissed. In a factual attack, matters outside of the complaint may be considered, and the court must decide any disputed facts upon which subject matter jurisdiction is based. *See Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011) (explaining that when evaluating a 12(b)(1) motion to dismiss on factual grounds the court may weigh extrinsic evidence and is not constrained to view evidence in the light most favorable to the non-movant). Here, Defendants asserted a facial attack relying upon the arbitration clauses in the agreements between the parties which were attached to Plaintiffs' complaint and relied upon by Plaintiffs for the relief they seek. In response to Defendants' argument

3

that their claims are subject to mandatory arbitration, Plaintiffs rely upon evidence outside of the pleadings which they contend demonstrates that Defendants have waived the right to demand arbitration.  While reliance upon evidence beyond the pleadings converts this jurisdictional issue from a facial one to a factual one, the distinction does not matter here because the evidence relied upon is essentially undisputed.  The following discussion is based upon the facts alleged in Plaintiffs' Second Amended Complaint and the undisputed evidence regarding Plaintiffs' waiver argument.  Because the Court dismisses this action based upon a lack of subject matter jurisdiction, it is not necessary to address Defendants' argument that Plaintiffs' Second Amended Complaint fails to state a claim under Rule 12(b)(6).  Therefore, the Court's discussion is limited to those facts that are relevant to subject matter jurisdiction.

## DISCUSSION

**I.   Enforceability of the Arbitration Agreements**

The Attorney Retainer Agreements entered into by Plaintiffs and Defendants contain the following mandatory arbitration clause:  "In the event of any claim or dispute between Client and [Legal Helpers] related to the Agreement or related to any performance of any services related to this Agreement, such claim or dispute shall be submitted to binding arbitration upon

the request of either party . . . ."   2d Am. Compl. Ex A,

Attorney Retainer Agreement ¶ XVIII, ECF No. 23-1 [hereinafter

Retainer Agreement].   This arbitration clause clearly covers the

claims asserted in this action, and the federal courts have made

it abundantly clear that such agreements shall be enforced

absent some legitimate basis for ignoring them. *See AT&T*

*Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1745-46 (2011)

(describing the Federal Arbitration Act as embodying a "liberal

federal policy" in favor of arbitration); *KPMG LLP v. Cocchi*,

132 S.Ct. 23, 25 (2011) (describing the Federal Arbitration Act

as reflecting an "emphatic federal policy in favor of"

arbitration); *see also Cruz v. Cingular Wireless, LLC*, 648 F.3d

1205, 1210 (11th Cir. 2011) (explaining that arbitration

agreements must be "rigorously enforce[d]" according to their

terms because of the liberal policy favoring arbitration).

Plaintiffs contend that the arbitration agreement should

not be enforced "because the purpose of arbitration is to

efficiently resolve private disputes," and violations of the

Debt Adjustment Act are not wholly private disputes but are

crimes against the state.   Resp. in Opp'n to Defs.' Mot. to

Dismiss 9, ECF No. 29 [hereinafter Resp.].   This argument is

without merit.   "Generally, a court should enforce an

arbitration agreement according to its terms, and no exception

exists for a cause of action founded on statutory rights." *See*

*Davis v. S. Energy Homes, Inc.*, 305 F.3d 1268, 1273 (11th Cir. 2002) (holding that the Magnuson-Moss Warranty-Trade Commission Act permits the enforcement of valid binding arbitration agreements).  "[T]he FAA's plain language is clear that arbitration agreements are enforceable except for state-law grounds for ordinary revocation." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1372 (11th Cir. 2005).  This is because "by 'agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.'"  *Cunningham v. Fleetwood Homes of Ga., Inc.*, 253 F.3d 611, 617 (11th Cir. 2001) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)).

Plaintiffs next contend that the arbitration provision should not be enforced because it is unconscionable and violates public policy.  Resp. 9.  "'[G]enerally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements.'" *Dale v. Comcast Corp.*, 498 F.3d 1216, 1219 (11th Cir. 2007) (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686-87 (1996)).  Plaintiffs have not alleged sufficient facts to support claims of unconscionability or public policy violations.  Plaintiffs make conclusory allegations that the arbitration agreement

6

"reflects a vast disparity in knowledge, bargaining power and economic sophistication between the parties" and is "unreasonably one-sided," but they provide an insufficient factual basis for declaring the agreements to be unconscionable. Resp. 9.  An unconscionable contract has been described as one "no sane man not acting under a delusion would make and that no honest man would take advantage of." *See Caley*, 428 F.3d at 1378 (internal quotation marks omitted) (applying Georgia law).  The present record simply does not support a conclusion that the arbitration agreements are unconscionable.  The Court finds that the arbitration clause contained in the Plaintiffs' agreements is enforceable to the extent Defendants have not waived their right to insist upon arbitration.

## II.   **Waiver of Arbitration**

Plaintiffs contend that even if the arbitration agreements are valid and binding, Defendants have waived their right to have them enforced. Resp. 10-11.  Typically, waiver is alleged when a party attempts to invoke arbitration rights after it has engaged in substantial litigation.  For this scenario, the Eleventh Circuit uses a two-part test to determine whether a party's conduct establishes a waiver of its right to insist upon arbitration.  *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277 (11th Cir. 2012).  At the first step, the Court decides whether a party acted inconsistently with the arbitration right by

substantially invoking the litigation machinery prior to demanding arbitration. *Id.* The Court then must decide whether that inconsistent action prejudiced the other party, considering "the length of delay in demanding arbitration and the expense incurred by [the other party] from participating in the litigation process." *Id.*

Although Plaintiffs summarily argue that Defendants have waived their right to insist upon arbitration as to both Plaintiffs, Plaintiffs point to no conduct relating to Williams to demonstrate waiver. When this action was first filed on behalf of Williams, Defendants moved to dismiss the action based upon lack of jurisdiction arising from the arbitration agreement. *See* Mot. to Dismiss, ECF No. 18. Defendants have consistently maintained this position throughout this litigation. Therefore, the Court finds that Defendants have not waived their right to insist upon arbitration of Williams's claim.

Fleenor's situation is different from that of both Williams and the putative class members Fleenor seeks to represent. The record demonstrates that Fleenor sought to arbitrate her claim before filing the present action, but the arbitration proceeding was dismissed because Defendants failed to participate. After the dismissal of the arbitration proceeding, Fleenor filed the present action. Although these circumstances do not represent

the typical waiver scenario, a strong argument could be made that Defendants' conduct forced Fleenor to invoke litigation and that she has been prejudiced by having to incur the expense of filing this action and participating in this litigation because Defendants failed to participate in the arbitration proceeding. Such conduct may support a finding that Defendants have waived their right to insist upon arbitration of Fleenor's claim. The Court, however, does not need to decide that issue. Even if Defendants have waived their right to arbitrate Fleenor's claim, this Court still does not have subject matter jurisdiction over Fleenor's claim.

It is clear that Fleenor's claim, standing alone, does not support federal subject matter jurisdiction. Her allegations do not support complete diversity of citizenship or the requisite jurisdictional amount. Accordingly, the Court has no subject matter jurisdiction over Fleenor's individual claim. It is also clear that Fleenor cannot rely upon CAFA to support subject matter jurisdiction. The present record establishes that she signed a valid arbitration agreement, and the only reason she does not have to arbitrate her claims is because of the unique factual circumstances that support the conclusion that Defendants waived their right to arbitrate her claim. There is no allegation that the putative class members share these unique circumstances regarding waiver. Accordingly, Fleenor is not

similarly situated to these putative class members as it relates to pursuing claims in federal court, and thus she cannot rely upon CAFA to establish subject matter jurisdiction.

CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF Nos. 24 & 27) is granted.

IT IS SO ORDERED, this 7th day of October, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

10